**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Novum Pharma, LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **FDBA  Underhill, LLC** <br> **DBA  Novum Pharma** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **47-3077895** |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **200 South Wacker Drive** <br> **31st Floor** <br> **Chicago, IL 60606** <br> Number, Street, City, State & ZIP Code <br><br> **Cook** <br> County | **Mailing address, if different from principal place of business** <br><br><br><br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **www.novumrx.com** |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor  **Novum Pharma, LLC**  
Name

Case number (*if known*)

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   3254

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____  When _____  Case number, if known _____

Debtor **Novum Pharma, LLC**     Case number (*if known*)
      Name

**11. Why is the case filed in *this district*?**

Check all that apply:

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes. Insurance agency _____
  Contact name _____
  Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (if known) _____    Chapter  11

☐ Check if this an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/03/2019
             MM / DD / YYYY

X /s/ Thomas S. O'Donoghue
Signature of authorized representative of debtor

Thomas S. O'Donoghue, Jr.
Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

X /s/ David R. Hurst
Signature of attorney for debtor

Date  02/03/2019
      MM / DD / YYYY

David R. Hurst
Printed name

Cole Schotz P.C.
Firm name

500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone  302-652-3131       Email address  dhurst@coleschotz.com

No. 3743 DE
Bar number and State

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 1

# NOVUM PHARMA, LLC
# MANAGER'S CERTIFICATE

### February 3, 2019

The undersigned, Thomas J. Allison, the sole member of the Restructuring Committee (the "Restructuring Committee") of the Board of Managers of Novum Pharma, LLC, a Delaware limited liability company (the "Company"), does hereby certify, as of the date hereof, solely on behalf of the Company in his capacity as a manager and not in an individual capacity, that (i) attached hereto as Exhibit A are true, complete and correct copies of resolutions duly adopted by the Restructuring Committee and (ii) such resolutions have not been modified, rescinded or amended and are in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

NOVUM PHARMA, LLC

_____
Thomas J. Allison
Manager

<u>EXHIBIT A</u>

<u>Resolutions</u>

# RESOLUTIONS OF THE RESTRUCTURING COMMITTEE
# OF THE BOARD OF MANAGERS OF NOVUM PHARMA, LLC

### February 3, 2019

### Chapter 11 Filing

**WHEREAS**, the Restructuring Committee (the "Restructuring Committee") of the Board of Managers (the "Board") of Novum Pharma, LLC (the "Company"), with the assistance of the Company's Board, officers, consultants and advisors, has evaluated and investigated potential strategies for the restructuring and refinancing of the Company, which included the potential filing of a petition by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Restructuring Committee, having considered, among other things, the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the effect of the foregoing on the Company's business, has determined that it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company seek relief under the provisions of chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that Thomas S. O'Donoghue, Jr., in his capacity as Chief Restructuring Officer ("CRO") of the Company, be, and hereby is, authorized and directed on behalf of the Company to commence a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") by executing, verifying and delivering a voluntary petition in the name of the Company under chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in such form and at such time as he shall determine.

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers; and to take any and all actions which he deems necessary or appropriate; each in connection with the Chapter 11 Case.

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and directed, in the name and on behalf of the Company, to take and perform any and all further acts and deeds which he deems necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

### Retention of Professionals

**RESOLVED FURTHER**, that (i) the retention of the firm CR3 Partners, LLC ("CR3") as restructuring and financial advisor to the Company, and the appointment of Thomas S. O'Donoghue, Jr. as the CRO of the Company, to represent and assist the Company in carrying

out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, are each hereby ratified and approved and (ii) the other officers of the Company be, and each hereby is, authorized and directed to cause to be filed an appropriate application for authority to retain the services of CR3 and to appoint Thomas S. O'Donoghue, Jr. as CRO of the Company.

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and directed to employ the law firm of Cole Schotz P.C. ("Cole Schotz") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, the CRO is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Cole Schotz.

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and directed to employ the firm of Teneo Capital LLC ("Teneo") as investment banker to, among other things, represent and assist the Company in analyzing, effectuating and consummating available strategic alternatives, including a potential financing transaction, restructuring transaction and/or sale transaction; and in connection therewith, the CRO is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Teneo.

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent and administrative agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, including with respect to noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and assisting with the preparation of the Company's schedules of assets and liabilities and statement of financial affairs; and in connection therewith, the CRO is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KCC.

**RESOLVED FURTHER**, that the CRO of the Company, be, and hereby is, authorized and directed, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms (together with the foregoing identified firms, the "Professionals") as may be deemed necessary or appropriate to assist the Company in carrying out its responsibilities in the Chapter 11 Case.

**Cash Collateral**

**RESOLVED FURTHER**, that the CRO of the Company, be, and hereby is, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to obtain use of cash collateral (the "Cash Collateral Use") according to the terms approved, or to be approved, by the Restructuring Committee and the CRO or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation, (i) the execution, delivery and performance of any documents to evidence the Cash Collateral Use and the granting of liens on and/or security interests in any and all assets of the Company, and (ii) the authorization of filing and/or recording, as applicable, of financing statements, agreements or any other documents evidencing and/or perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, and the CRO is hereby authorized and directed to execute any appropriate agreements, related ancillary documents, supplemental agreements, instruments, amendments, restatements, amendment and restatements, modifications, renewals, replacements, consolidations, substitutions, extensions, bills, notes or certificates on behalf of the Company, which, in each case, shall in the sole judgment of the CRO, be necessary, proper or advisable in order to perform the Company's obligations under or in connection with any of the foregoing.

**Sale and Restructuring Transactions**

**RESOLVED FURTHER**, that the Restructuring Committee has determined, in light of current circumstances and after consultation with the Company's Board, officers, consultants and advisors, and in connection with the filing of the Chapter 11 Case, that it is in the best interests of the Company, its creditors and other parties in interest to authorize the Company to negotiate and enter into one or more sale or other restructuring transactions (collectively, the "Transactions").

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and directed, in the name and on behalf of the Company to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of the Transactions to which the Company is or will be a party, including, but not limited to, any asset purchase agreement, chapter 11 plan, disclosure statement and ancillary documents related thereto (collectively, the "Transaction Documents").

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and directed, in the name and on behalf of the Company to take any and all actions to (i) obtain Bankruptcy Court approval of the Transaction Documents in connection with the Transactions, and (ii) obtain Bankruptcy Court approval of any Transactions.

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements,

documents, certificates, statements, notices and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in his judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

**RESOLVED FURTHER**, that all acts lawfully done or actions lawfully taken by any current officer or manager of the Company or any of the Professionals in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

**RESOLVED FURTHER**, that any and all actions, whether previously or subsequently taken by the CRO in his capacity as an officer of the Company, or any other person authorized to act by the CRO in his capacity as CRO of the Company, which are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed.

**General Authority**

**RESOLVED**, that the omission from the foregoing resolutions of any agreement or other arrangement contemplated by any of the matters described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the matters described in the foregoing resolutions shall in no manner derogate from the authority of the officers, or any of them, to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by or in furtherance of any of the foregoing resolutions.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                           :
In re:                                    :      Chapter 11
                                           :
NOVUM PHARMA, LLC,        :      Case No. 19-_____ (___)
                                         :
                  Debtor.[1]      :
                                           :
---------------------------------------------------------- x

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the above-captioned Debtor's equity interests:

Avondale Investment Rx, LLC

---

[1] The last four digits of the Debtor's federal tax identification number are 7895. The mailing address for the Debtor is 200 South Wacker Drive, 31st Floor, Chicago, IL 60606.

**Fill in this information to identify the Case:**

Debtor  Novum Pharma, LLC

United States Bankruptcy Court for the: District of Delaware

Case Number (if known):_____

☐ Check if this is an amended filing

## OFFICIAL FORM 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders         12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
|---|---|---|---|---|---|---|---|
| 1. | Connective Rx f/k/a PSKW, LLC One Crossroads Drive Bedminster, NJ 07921 | Dana Seach dseach@connectiverx.com Marjorie Lewis Marjorie.Lewis@connectiverx.com (908) 809-6154 (ph) | Trade debt | | | | $2,995,983.45 |
| 2. | Cardinal Health 105, Inc. 15 Ingram Boulevard, Suite 100 LaVergne, TN 37086 | Jon McWhinney (615) 793-4400 (ph) (614) 757-8337 (fx) jonathan.mcwhinney@cardinalhealth.com | Trade debt | | | $1,698,320.00 | $2,952,807.40 |
| 3. | AmerisourceBergen Drug Corporation 1300 Morris Drive Chesterbrook, PA 19087 | Laurence Maher (856) 848-3400 (ph) (610) 727-7000 (ph) lmaher@amerisourcebergen.com | Trade debt | | | | $1,482,028.72 |
| 4. | McKesson Financial Center 1220 Senlac Drive Carrollton, TX 75006 | Nathan DeBruin (972) 446-4800 (ph) Nathan.DeBruin@McKesson.com | Trade debt | | | | $659,706.99 |
| 5. | Mirada Pharmaceuticals 27 Sentinel Drive Basking Ridge, NJ 07920 | Matthew Redling (214) 273-7468 (ph) mredling@miradarx.com  Reed Smith LLP (312) 207-6400 (fx) | Trade debt | Contingent | | | $366,000.00 |
| 6. | Sterling Pharmaceutical Services, LLC 9383 Caddyshack Circle St. Louis, MO 63127 | Bob Flynn (618) 286-6061 (ph) (618) 520-3555 (ph) (618) 826-6062 (ph) bflynn@sterlingpharma.com | Trade debt | | | | $295,202.00 |

Debtor  Novum Pharma, LLC _____    Case number (if known) _____
        Name

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 7. | Sonexus Health, LLC 7000 Cardinal Place Dublin, OH  43017 | Jon Kwiatkowski (972) 350-9941 (ph) (972) 350-0355 (ph) jonathan.kwiatkowski@sonexushealth.com | Trade debt | | | | $290,615.00 |
| 8. | IQVIA (IMS) One IMS Drive Plymouth Meeting, PA 19462 | Lynn Stefurak (800) 258-9479 (ph) (949) 476-9131 (fx) lstefurak@us.imshealth.com | Trade debt | | | | $207,665.00 |
| 9. | TripleFin LLC 11333 Cornell Park Drive Cincinnati, OH  45242 | Karen Wolford (855) 877-5346 (ph) (513) 386-6412 (ph) (513) 794-0878 (fx) Karen.Wolford@eversana.com | Trade debt | Disputed | | | $161,757.27 |
| 10. | Biopharma Operations LLC 2000 Route 57 Hackettstown, NJ 07840 | Jose DeLeon (973) 879-4603 (ph) jdeleon@biopharmaoperations.com | Trade debt | | | | $139,863.00 |
| 11. | NDCHealth Corporation d/b/a RelayHealth 5995 Windward Parkway Alpharetta, GA 30005 | (800) 872-6245 relayar@mckesson.com | Trade debt | | | | $67,377.66 |
| 12. | Four Seasons Hotel Paris Hotel George V B.V. 31 Avenue George V Paris, France  75008 | Ludovic Cayacy 33-1 49 52 71 42 (ph) 33-1 49 52 70 00 (ph) 33-1 49 52 70 31 (fx) | Trade debt | | | | $60,000.00 |
| 13. | Tracelink LLC 400 Riverpark Drive Suite 200 North Reading, MA 01864 | Karina Morse 978-396-6171 (ph) 781-914-4900 (ph) kmorse@tracelink.com | Trade debt | | | | $57,981.00 |
| 14. | MMIS, Inc. 100 International Drive Suite 350 Portsmouth, NH  03801 | Penny Miller (215) 820-2737 (ph) (888) 731-7322 (ph) pmiller@medispend.com | Trade debt | | | | $40,000.00 |
| 15. | Source Healthcare Analytics, LLC PO Box 207578 Dallas, TX  75320 | Craig Parsons (434) 951-4097 (ph) Craig.Parsons@symphonyhealth.com | Trade debt | | | | $33,556.00 |
| 16. | Optimum Consulting Group 1150 N. State Street Suite 303 Chicago, IL 60610 | Scott Schlessinger (312) 573-3500 (ph) scott@optimumisnow.com | Trade debt | | | | $33,181,.86 |
| 17. | PricewaterhouseCoopers LLP One North Wacker Drive Chicago, IL 60606 | Kenneth Esch (877) 351-6402 (ph) (312) 298-3419 (ph) ken.esch@pwc.com | Professional services | Disputed | | | $32,000.00 |
| 18. | TKXS, LLC 1500 Perimeter Park Drive, Suite 300 Morrisville, NC  27560 | Kevin Franey (484) 269.4643 (ph) (704) 727-8142 (ph) kevin.franey@technekes.com | Trade debt | | | | $25,740.00 |

2

58448/0001-16754327v3 Official Form 204 Chapter 11 or Chapter 9 Cases: List of Creditors Who have the 20 Largest Unsecured Claims

|  | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br><br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 19. | Smith Drug Company<br>9098 Fairforest Road<br>Spartanburg, SC 29301 | (864) 458-2116 (ph)<br>(800) 572-1216 (ph) | Trade debt |  |  |  | $20,079.36 |
| 20. | Primus Pharmaceuticals, Inc.<br>7373 N. Scottsdale Road Suite B-200<br>Scottsdale, AZ 85253 | J.D. Weir<br>(480) 483-2604<br>jweir@primusrx.com<br><br>Klehr Harrison<br>Harvey Branzburg LLP<br>Attn: David Eagle<br>(302) 552-5508 (tel)<br>(302) 426-9193 (fx)<br>deagle@klehr.com | Trade debt | Disputed<br>Contingent<br>Unliquidated |  |  | Unliquidated |

3

58448/0001-16754327v3Official Form 204Chapter 11 or Chapter 9 Cases: List of Creditors Who have the 20 Largest Unsecured Claims

| | |
|---|---|
| Fill in this information to identify the case and this filing: | |
| Debtor Name: Novum Pharma, LLC | |
| United States Bankruptcy Court for the: District of Delaware | |
| Case number (*if known*): _____ | |

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

| | |
|---|---|
| ☐ | *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B) |
| ☐ | *Schedule D: Creditors Who have Claims Secured by Property* (Official Form 206D) |
| ☐ | *Schedule D/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F) |
| ☐ | *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G) |
| ☐ | *Schedule H: Codebtors* (Official Form 206H) |
| ☐ | *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum) |
| ☐ | *Amended Schedule* ____ |
| ☒ | *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204) |
| ☒ | Other document that requires a declaration: Corporate Ownership Statement |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/03/2019
             MM/DD/YYYY

X  *Thomas S. O'Donoghue Jr.* (signature)
Signature of individual signing on behalf of debtor

Thomas S. O'Donoghue, Jr.
Printed name

Chief Restructuring Officer
Position or relationship to debtor

58448/0001-16754366v1