# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
                                :

In re:                              :    Chapter 11

NOVUM PHARMA, LLC,        :    Case No. 19-10209 (KJC)

                 Debtor.[1]    :    **Related to Docket No. 42** and 108

---------------------------------------------------- x

## ORDER (A) APPROVING BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (C) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION AND SALE HEARING, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") for entry of an order pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) approving bidding procedures for the sale of substantially all of the Debtor's assets, (b) approving bid protections, (c) scheduling an auction for, and a hearing to approve, the sale of substantially all of the Debtor's assets, (d) approving the form and manner of notices of the Sale, Auction and Sale Hearing, (e) approving assumption and assignment procedures and (f) granting

---

[1] The last four digits of the Debtor's federal tax identification number are 7895. The mailing address for the Debtor is 200 South Wacker Drive, 31st Floor, Chicago, IL 60606.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Bidding Procedures, as applicable.

related relief; and the Court having found that (i) the Court has jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is

proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409 and (iii) this is a core proceeding

pursuant to 28 U.S.C. § 157(b); and the relief requested in the Motion, to the extent set forth

herein, is in the best interests of the Debtor, its estate and its creditors; and after due deliberation

and consideration, and for good and sufficient cause appearing therefor;

**BASED UPON THE RECORD ESTABLISHED BY THE DEBTOR AT THE HEARING ON THE MOTION, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]**

      A.    The Debtor has articulated good and sufficient business reasons for the

Court to approve the Bidding Procedures, the Assumption and Assignment Procedures, the form

and manner of notice of the Motion, Auction and Sale Hearing and the proposed dates for the

Bid Deadline, Auction and Sale Hearing.

      B.    Due, sufficient and adequate notice of the relief requested in the Motion

and the relief granted herein has been given in light of the circumstances and the nature of the

relief requested, and no other or further notice thereof is required.  The Debtor's notice of the

Motion, the proposed entry of this Order, the Bidding Procedures, the Assumption and

Assignment Procedures, the Auction and the Sale Hearing is appropriate and reasonably

calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules

2002, 4001, 6004 and 6006, and no other or further notice of the Motion or this Order is

required.

---

[3]    Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Bankruptcy Rule 7052.

58448/0001-16630058v10

C.      The Bidding Procedures, in the form attached hereto as <u>Exhibit 1</u>, and incorporated by reference as if fully set forth in this Order, are fair, reasonable and appropriate and represent the best method for maximizing the value to be achieved for the Debtor's assets.

D.      The Assumption and Assignment Procedures, as set forth herein, are reasonable and appropriate.

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived or settled are overruled.

## THE BIDDING PROCEDURES

3.      The Bidding Procedures, substantially in the form attached hereto as <u>Exhibit 1</u>, are hereby approved.  The Debtor is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

4.      The Debtor, in consultation with the Committee, may, in its reasonable judgment, modify the Bidding Procedures at any time in any fashion, with reasonable notice to Qualified Bidders; <u>provided, however</u>, that the Committee's rights to object to any such modification, through a motion, an objection to the Motion or otherwise, are preserved.

5.      No bidder or prospective bidder shall be entitled to any expense reimbursement, break-up, "topping," termination or other similar fee or payment hereunder.

## THE BID DEADLINE

6.      The deadline by which all bids must be received in the form and manner specified in the Bidding Procedures is **April 22, 2019 at 5:00 p.m. (ET) (the "**<u>Bid Deadline</u>**") or**

3

such later date as may be agreed to by the Debtor. A Potential Bidder that desires to make a bid shall deliver written copies of its bid to the following parties (collectively, the "Bidding Notice Parties"): (i) the Debtor, 200 South Wacker Drive, 31st Floor, Chicago, IL 60606, Attn: Thomas S. O'Donoghue, Jr. (tom.odonoghue@cr3partners.com); (ii) counsel to the Debtor, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: David R. Hurst, Esq. (dhurst@coleschotz.com) and Patrick J. Reilley, Esq. (preilley@coleschotz.com) and 25 Main Street, Hackensack, NJ 07601, Attn: Jacob S. Frumkin, Esq. (jfrumkin@coleschotz. com); (iii) investment banker to the Debtor, Teneo Capital LLC, 280 Park Avenue, 4th Floor New York, NY 10017, Attn: Charles Boguslaski (charles.boguslaski@teneo.com) and Omar Stevens (omar.stevens@teneo.com); and (iv) proposed counsel to the Committee, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Boris I. Mankovetskiy, Esq. and Andrew Sherman, Esq.) and Klehr Harrison Harvey Branzburg LLP, 919 North Market St., Suite 1000, Wilmington, DE 19801 (Attn: Morton R. Branzburg, Esq. and Richard M. Beck, Esq.), so as to be received on or before the Bid Deadline, or such later date as may be agreed to by the Debtor.

## THE AUCTION

7.      If the Debtor receives one or more Qualified Bids, the Debtor shall conduct an auction (the "Auction") of its Assets. The Auction shall commence on **April 24, 2019 at 10:00 a.m. (ET)** at the offices of Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE, or such other place as the Debtor shall identify in a notice filed with the Bankruptcy Court at least twenty-four (24) hours before the Auction, and served on all Qualified Bidders, counsel to the Committee, counsel to the Debtor's prepetition secured lender and any creditors who provide notice in accordance with the following paragraph.

8.      Attendance at the Auction shall be limited to the Debtor, counsel to the Committee, each Qualified Bidder that has timely submitted a Qualified Bid and any other party

4

with a security interest in property owned or leased by the Debtor, and the advisors to each of the foregoing; provided, however, that the Auction will be conducted openly and all creditors may attend the Auction (but not participate); provided further, however, that such creditors shall provide the Debtor with written notice of their intention to attend the Auction on or before the Bid Deadline, with such written notice sent to counsel to the Debtor (dhurst@coleshotz.com).

    9.  Only Qualified Bidders shall be entitled to submit bids at the Auction. The Debtor and its professionals shall direct and preside over the Auction and the Auction shall be transcribed. Each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Debtor's assets and (b) has reviewed, understands and accepts the Bidding Procedures. RGP Pharmacap, LLC (the "Prepetition Secured Lender") shall constitute a Qualified Bidder for all purposes and in all respects under the Bidding Procedures; provided, however that the Prepetition Secured Lender's Qualified Bid shall not seek the assignment of any of the Debtor's executory contracts or unexpired leases. Upon exercise of a Credit Bid, the Prepetition Secured Lender shall not be required to take title to or ownership of, or have any obligation in connection with, or be deemed to have taken title to or ownership of, or have any obligation in connection with, any Assets, and the Prepetition Secured Lender shall have the right to designate an assignee in its sole and absolute discretion that shall take title to the Assets that are subject to the Credit Bid. The Prepetition Secured Lender will not be a Backup Bidder unless the Prepetition Secured Lender consents in writing otherwise.

    10.  Subject to the rights of parties in interest to (i) challenge the Sale or the Sale process, (ii) challenge the Debtor's decisions with respect to the Sale process or (iii) argue that such decisions are not governed by the "business judgment" standard, the Debtor, in

5

consultation with the Committee, may (I) select, in its business judgment, pursuant to the

Bidding Procedures, the highest or otherwise best offer(s) and the Successful Bidder(s), and (II)

reject any bid that, in the Debtor's business judgment, is (a) inadequate or insufficient, (b) not in

conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules or the Bidding Procedures or (c) contrary to the best interests of the Debtor and its estate

and creditors.

        11.     As soon as reasonably practical after the conclusion of the Auction and the

selection of the Successful Bid(s) and Alternate Bid(s), if any, the Debtor shall file with the

Court a notice disclosing the identity of the Successful Bidder(s) and Alternate Bidder(s), if any.

## THE SALE HEARING

        12.     The hearing to consider approval of the sale of the Assets (the "Sale

Hearing") shall be held on **April 26, 2019 at 10:00 a.m. (ET)** or at such other date and time as

the Court shall determine.

        13.     Objections, if any, to the sale of the Assets ("Sale Objection") must be

filed with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware, 19801

on or before **April 12, 2019 at 4:00 p.m. (ET)** (the "Sale Objection Deadline") and be served so

as to be received by such date upon: (a) counsel to the Debtor, Cole Schotz P.C., 500 Delaware

Avenue, Suite 1410, Wilmington, DE 19801 (Attn: David R. Hurst, Esq. and Patrick J. Reilley,

Esq.) and 25 Main Street, Hackensack, NJ 07601 (Attn: Jacob S. Frumkin, Esq.); (b) proposed

counsel to the Committee, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102

(Attn: Boris I. Mankovetskiy, Esq. and Andrew Sherman, Esq.) and Klehr Harrison Harvey

Branzburg LLP, 919 North Market St., Suite 1000, Wilmington, DE 19801 (Attn: Morton R.

Branzburg, Esq. and Richard M. Beck, Esq.); (c) counsel to the Debtor's prepetition secured

lender, Hodgson Russ LLP, The Guaranty Building, 140 Pearl Street, Buffalo, NY 14202 (Attn:

James C. Thoman, Esq.) and David A. Robinson, Esq., 45 Rockefeller Plaza, Suite 2000, New

York, NY 10111; and (d) the Office of the United States Trustee for the District of Delaware,

844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: David Buchbinder, Esq.)

(collectively, the "Objection Notice Parties").

        14.     Failure to file a Sale Objection on or before the Sale Objection Deadline

shall be deemed to be consent for purposes of section 363(f) of the Bankruptcy Code.

### NOTICE OF THE SALE AND THE SALE HEARING

        15.     The notice of the sale of the Assets, the Auction and the Sale Hearing,

substantially in the form attached hereto as Exhibit 2 (the "Sale Notice"), is hereby approved.

        16.     Within three (3) business days after entry of this Order (the "Initial

Mailing Date"), the Debtor shall serve this Order, the Bidding Procedures and the Sale Notice by

first-class mail, postage prepaid, upon (a) all entities known to have expressed an interest in a

transaction, if any, with respect to some or all of the Assets during the past three (3) months;

(b) the U.S. Trustee; (c) proposed counsel to the Committee; (d) counsel to the Debtor's

prepetition secured lender; (e) all entities known to have asserted any lien, claim, interest or

encumbrance in or upon any of the Assets; (f) all federal, state and local regulatory authorities

that regulate any aspect of the Debtor's business; (g) the Securities and Exchange Commission;

(h) the Internal Revenue Service; (i) all state and local taxing authorities in the states in which

the Debtor has or may have any tax liability; (j) the non-Debtor parties to the Proposed Assumed

Contacts; (k) the Office of the United States Attorney for the District of Delaware; (l) the

Delaware State Treasury; (m) the Delaware Secretary of State, Division of Corporations,

Franchise Tax; (n) all parties to pending litigation with the Debtor; and (o) all parties that have

requested notice pursuant to Del. Bankr. L.R. 2002-1(b) (the "Initial Mailing Service List").  In

7

addition, on or before the Initial Mailing Date, the Debtor's claims and noticing agent shall post

a copy of this Order, the Bidding Procedures and the Sale Notice on the website that it maintains

for the Debtor in the Chapter 11 Case (located at http://www.kccllc.net/novum).

        17.    Within three (3) business days after entry of this Order (the "Final Mailing

Date"), the Debtor shall serve the Sale Notice by first-class mail, postage prepaid, upon all

entities listed in the Debtor's creditor matrix [Docket No. 10], other than those entities already

given notice pursuant to the prior paragraph.

        18.    Within fourteen (14) business days after entry of this Order, the Debtor

shall publish the Sale Notice (modified for publication, as necessary) in the national edition of

either *The Wall Street Journal*, *The New York Times* or *USA Today*.  Such publication notice

shall be deemed sufficient and proper notice of the sale of the Assets to interested parties whose

identities are unknown to the Debtor.

## ASSUMPTION AND ASSIGNMENT PROCEDURES

        19.    The notice of potential assumption and assignment of executory contracts

and unexpired leases and related cure amounts, substantially in the form attached hereto as

Exhibit 3 (the "Cure Notice"), is hereby approved.

        20.    Within fourteen (14) calendar days after entry of this Order, the Debtor

(i) shall file with the Court a schedule (the "Cure Schedule") setting forth the amounts, if any,

determined by the Debtor to be necessary to be paid to cure any existing defaults in accordance

with sections 365(b) and 365(f)(2) of the Bankruptcy Code (the "Cure Amounts") under

executory contracts or unexpired leases that may be assumed by the Debtor and assigned to a

Successful Bidder (the "Proposed Assumed Contracts"); and (ii) shall serve the Cure Notice on

each contract counterparty (each a "Contract Counterparty") to a Proposed Assumed Contract by first class mail.

21.    Objections to any Cure Amount or to the assumption and assignment of the Proposed Assumed Contracts (other than on grounds that a proposed assignee must provide adequate assurance of future performance), must: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (iii) state with particularity the legal and factual basis for the objection; and (iv) be filed with the Court and served on the Objection Notice Parties, so as to be actually received no later than the Sale Objection Deadline (April 12, 2019 at 4:00 p.m. (ET)).

22.    Within one (1) business day of receipt of a Qualified Bid, the Debtor shall provide the necessary financial information to demonstrate that the Qualified Bidder can provide adequate assurance of future performance under section 365 of the Bankruptcy Code (the "Adequate Assurance Information") to those counterparties to the Proposed Assumed Contracts (or their counsel) who have (i) submitted a written request (by e-mail to Debtor's counsel is acceptable) for Adequate Assurance Information and (ii) confirmed in writing to the Debtor's counsel (by e-mail is acceptable) their agreement to keep such Adequate Assurance Information strictly confidential and use it solely for the purpose of evaluating whether a Qualified Bidder has provided adequate assurance of future performance under the applicable Proposed Assumed Contract; provided, however, that the Qualified Bidder may require the counterparties to the applicable Proposed Assumed Contracts to execute confidentiality agreements prior to the remittance of any confidential information to such counterparty.

23.    Any objection (an "Adequate Assurance Objection") to the provision of adequate assurance of future performance of a Proposed Assumed Contract shall be filed with

9

the Court on or before **April 25, 2019 at 4:00 p.m. (ET)** (the "<u>Adequate Assurance Objection Deadline</u>"). Any such objection must state the state with particularity the legal and factual basis for the objection.

24.     As soon as reasonably practical after the selection of a Successful Bid, the Debtor shall serve, by facsimile, electronic transmission, hand delivery or overnight mail, an assumption and assignment notice (the "<u>Assumption and Assignment Notice</u>") on each counterparty to a contract or lease designated by the Successful Bidder as a contract or lease that will be assumed by the Debtor and assigned to such Successful Bidder.  The Assumption and Assignment Notice shall set forth: (i) the identity of the Successful Bidder; (ii) the contract(s) and/or lease(s) designated for assumption by the Debtor and assignment to the Successful Bidder; (iii) the name and address of the Contract Counterparty thereto; and (iv) the proposed effective date of the assignment (subject to the right of the Debtor and Successful Bidder to withdraw such request for assumption and assignment prior to the consummation of the Sale); <u>provided</u>, <u>however</u>, that the presence of any contract or lease on an Assumption and Assignment Notice does not constitute an admission by the Debtor that such contract or lease is an executory contract or unexpired lease.

25.     If any objection to the proposed assumption and assignment of a contract or lease, adequate assurance or Cure Amount is timely filed, a hearing with respect to such objection will be held before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Courtroom No. 5, Wilmington, DE 19801.  A hearing regarding the Cure Amount, if any, may be continued until after the closing of the Sale.

10

**RELATED RELIEF**

26.    The Debtor is hereby authorized to take such actions as may be reasonably necessary to implement and effect the terms and provisions of this Order.

27.    The failure to specifically include or reference any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

28.    This Order shall constitute findings of fact and conclusions of law with respect to the matters stated herein, but shall not constitute findings of fact and conclusions of law with respect to the sale of the Debtor's assets, and shall take effect immediately upon execution hereof.

29.    This Order shall be binding on the Debtor and its successors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtor.

30.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and any waiting or stay period is expressly waived.

31.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: March 6, 2019
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　The Honorable Kevin J. Carey
　　　　　　　　　　　　　　　　United States Bankruptcy Judge

11