## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
               :
In re:             :  Chapter 11
               :
NOVUM PHARMA, LLC,    :  Case No. 19-10209 (BLS)
               :
         Debtor.[1]  :  **Related to Docket Nos. 324, 440, 449, 450, 451, 452**
               :
------------------------------------------------------- x

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR

Novum Pharma, LLC, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), having filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on February 3, 2019 (the "Petition Date"); and the Debtor having proposed the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 324] (as amended, supplemented or otherwise modified, including as reflected at Docket Nos. 382-2 and 451-1, the "Plan");[2] and the Debtor having filed the Plan Supplement to Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor Docket No. 440 (the "Plan Supplement"); and the United States Bankruptcy Court for the District of Delaware (the "Court") having entered an order [Docket No. 400] (the "Solicitation Procedures Order") on July 24, 2019 approving the Disclosure Statement with Respect to Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 383-1] (the "Disclosure

---

[1]   The last four digits of the Debtor's federal tax identification number are 7895.  The mailing address for the Debtor is 200 South Wacker Drive, 31st Floor, Chicago, IL 60606.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Statement") as containing adequate information within the meaning of section 1125(a) of the

Bankruptcy Code; and the Debtor having filed the Certification of Andres A. Estrada with

Respect to the Tabulation of Votes on the Plan of Reorganization Pursuant to Chapter 11 of the

Bankruptcy Code Proposed by the Debtor [Docket No. 449] (the "Voting Certification"); and the

Court having established, in the Solicitation Procedures Order, August 29, 2019 at 10:00 a.m.

(Eastern Time) as the date and time of the hearing pursuant to section 1129 of the Bankruptcy

Code to consider confirmation of the Plan (the "Confirmation Hearing"); and affidavits of

service having been executed by Kurtzman Carson Consultants LLC ("KCC" or the "Claims

Agent") and filed with the Court [Docket Nos. 415, 418 and 432] (the "Affidavits of Service")

with respect to the mailing of the notice of the Confirmation Hearing and the other solicitation

materials in respect of the Plan in accordance with the Solicitation Procedures Order; and an

affidavit of publication having been filed with the Court [Docket No. 414] (the "Affidavit of

Publication") with respect to the publication of the notice of the Confirmation Hearing in

accordance with the Solicitation Procedures Order; and the Court having reviewed the Plan, the

Disclosure Statement, the Solicitation Procedures Order, the Voting Certification, the Affidavits

of Service, the Affidavit of Publication and all other papers before the Court in connection with

the confirmation of the Plan; and the Court having considered the Declaration of Thomas S.

O'Donoghue, Jr. in Support of Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy

Code Proposed by the Debtor [Docket No. 450] (the "O'Donoghue Declaration"), the Debtor's

Memorandum in Support of Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy

Code Proposed by the Debtor [Docket No. 452] (the "Confirmation Memorandum") and any

testimony presented and evidence admitted at the Confirmation Hearing; and the Court having

taken judicial notice of the papers and pleadings on file in the Chapter 11 Case; and the Court

2

finding that (i) notice of the Confirmation Hearing and the opportunity of all parties in interest to object to confirmation of the Plan were adequate and appropriate, in accordance with Rules 2002(b) and 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Solicitation Procedures Order, as to all parties to be affected by the Plan and the transactions contemplated thereby and (ii) the legal and factual bases for confirmation, including as set forth in the O'Donoghue Declaration, the Confirmation Memorandum and this Confirmation Order, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the following Findings of Fact, Conclusions of Law and Order:

## IT IS HEREBY FOUND AND DETERMINED THAT:

A.      Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, and to determine whether the Plan should be confirmed and a Final Order entered with respect thereto. Venue of the Chapter 11 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Eligibility for Relief. The Debtor was at all times during the Chapter 11 Case and continues to be an entity eligible for relief under section 109 of the Bankruptcy Code, and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

58448/0001-17632482v6

C.    Burden of Proof.  The Debtor has the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence and, as set forth below, the Debtor has met that burden.

D.    Judicial Notice.  The Court takes judicial notice of the docket in the Chapter 11 Case maintained by the Clerk of the Court and/or its duly appointed agent, including without limitation, all pleadings, notices and other documents filed, all proceedings during the Chapter 11 Case, and all orders entered during the pendency of the Chapter 11 Case.

E.    Modification of the Plan.  The Debtor has made certain non-material modifications to the Plan as set forth in the Notice of Filing of Non-Material Modifications to Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 451] (the "Modifications").  Pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, none of the Modifications require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the Holders of Claims in the voting Classes be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  The Plan as modified by the Modifications shall constitute the Plan submitted to the Court for Confirmation.

F.    Objections to Confirmation.  Any formal or informal objections to confirmation of the Plan that were not resolved by agreement or order of the Court on or prior to the Confirmation Hearing are overruled, or are otherwise disposed of, as set forth herein and on the record of the Confirmation Hearing.

G.    Compromise and Settlement in Connection with the Plan.  All of the settlements and compromises pursuant to and in connection with the Plan comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

4

H.    <u>Compliance with Bankruptcy Rule 3016</u>. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).

I.    <u>Compliance with Bankruptcy Rule 3017</u>. The Debtor has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d).

J.    <u>Transmittal and Mailing of Materials; Notices</u>. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all Creditors entitled to vote on the Plan, and sufficient time was prescribed for such Creditors to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018.

K.    <u>Receipt and Tabulation of Votes</u>. The procedures used by the Claims Agent to receive and tabulate Ballots of the Holders of Claims in the voting Classes, as set forth in the Voting Certification, were proper and appropriate and in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and all other applicable rules, laws and regulations. As described in the Voting Certification, which certified both the method and results of the voting, the Plan was accepted by the three (3) Impaired Classes entitled to vote. The Debtor, therefore, obtained the requisite acceptance both in number and amount for Confirmation of the Plan.

L.    <u>Plan Compliance with 11 U.S.C. § 1129</u>. As set forth below and as demonstrated by the record in the Chapter 11 Case, the Debtor has met its burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code.

M.    <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. As set forth and demonstrated below, the Plan complies with the applicable provisions of the Bankruptcy

58448/0001-17632482v6

Code, the Bankruptcy Rules, the Local Rules and the orders of the Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

(i)    Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).  The Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code.  The Plan's classifications conform to the requirements of the Bankruptcy Code and separately classify Claims based on valid business and legal reasons.  The Plan's classification scheme has a rational basis because it is based on the respective legal rights of each Holder of a Claim against or Interest in the Estate and was not proposed to create a consenting Impaired Class and, thereby, manipulate Class voting.  Article II of the Plan designates the classification of Claims and Interests.

(ii)    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  The Plan complies fully with the requirements of section 1123(a)(2) of the Bankruptcy Code.  Article III of the Plan specifies which Classes of Claims and Interests are not Impaired under the Plan.

(iii)    Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  The Plan complies fully with the requirements of section 1123(a)(3) of the Bankruptcy Code.  Article III of the Plan specifies the treatment of Classes of Claims and Interests under the Plan, including those which are Impaired.

(iv)    No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan complies fully with the requirements of section 1123(a)(4) of the Bankruptcy Code.  As reflected in the treatment set forth in Article III of the Plan, the treatment of each of the Claims and Interests in each particular Class is the same as the treatment of

each of the other Claims or Interests in such Class; provided, however, that to the extent any Claimholder received any different treatment than that described by the Plan for its Class on the basis of the standards for compromise and settlement, the Court hereby finds that such different treatment does not need to be made available to other members of the Class.

      (v)   Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan complies fully with the requirements of section 1123(a)(5) of the Bankruptcy Code. The Plan provides adequate means for implementation of the Plan through, among other things, the reorganization of the Debtor and the continuation of the Debtor's dermatology business by the Debtor's existing management, the funding of the Debtor's go-forward business by CH 105 through a combination of loans and inventory purchases and the creation and funding of the Litigation Trust for the benefit of Holders of General Unsecured Claims.

      (vi)   Voting Power of Equity Securities (11 U.S.C. § 1123(a)(6)). The Plan provides that the limited liability company agreement of the Reorganized Debtor shall prohibit the issuance of non-voting equity securities to the extent required by section 1123(a)(6) of the Bankruptcy Code, thereby satisfying section 1123(a)(6) of the Bankruptcy Code.

      (vii)   Selection of Officers and Managers (11 U.S.C. § 1123(a)(7)). Pursuant to section 1129(a)(5) of the Bankruptcy Code, the Debtor disclosed in the Plan Supplement the identity and affiliations of those Persons proposed to serve on the initial board of managers or as an officer of Reorganized Debtor and, to the extent such Person is an insider of the Debtor, the nature of any

7

compensation for such Person.  Moreover, the Debtor disclosed in the Plan

Supplement the identity of the Person that will serve as the initial Litigation

Trustee of the Litigation Trust.  The managers and officers of the Reorganized

Debtor and the Litigation Trustee were selected in a manner consistent with the

interests of creditors and with public policy, thereby satisfying section 1123(a)(7)

of the Bankruptcy Code.

   (viii) <u>Discretionary Contents of Plan (11 U.S.C. § 1123(b))</u>.  The Plan's

provisions are appropriate and consistent with the provisions of the Bankruptcy

Code.

  N. <u>Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.

The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules and the orders of the Court with respect to the solicitation of acceptances

or rejections of the Plan, thus satisfying the requirements of section 1129(a)(2) of the Bankruptcy

Code.

  O. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtor has

proposed the Plan, including all documents necessary to effectuate the Plan, including but not

limited to those contained in the Plan Supplement, in good faith and not by any means forbidden

by law, as evidenced by, among other things, the totality of the circumstances surrounding the

formulation of the Plan, the record of the Chapter 11 Case and the recoveries of Holders of

Claims thereunder, thus satisfying the requirements of section 1129(a)(3) of the Bankruptcy

Code.

  P. <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  All

payments that have been made or are to be made by the Debtor or the Litigation Trust under the

58448/0001-17632482v6

Plan or by any Person or Entity acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case including administrative expense claims under sections 503 and 507 of the Bankruptcy Code, have been approved by, or will be subject to the approval of, the Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

Q.    Managers, Officers and Insiders (11 U.S.C. § 1129(a)(5)). The Debtor disclosed in the Plan Supplement the identity and affiliations of those Persons proposed to serve on the initial board of managers or as an officer of Reorganized Debtor and, to the extent such Person is an insider of the Debtor, the nature of any compensation for such Person. Moreover, the Debtor disclosed in the Plan Supplement the identity of the Entity that will serve as the initial Litigation Trustee of the Litigation Trust. The proposed Litigation Trustee and managers and officers for the Reorganized Debtor are qualified, and the appointment to, or continuance in, such offices of such Persons or Entities is consistent with the interests of Holders of Claims against and Interests in the Debtor and with public policy.

R.    No Rate Changes (11 U.S.C. § 1129(a)(6)). The Debtor's business does not involve the establishment of rates over which any regulatory commission will have jurisdiction after Confirmation of the Plan. Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Chapter 11 Case.

S.    Best Interest of Creditors Test (11 U.S.C. § 1129(a)(7)). Section 1129(a)(7) of the Bankruptcy Code requires that each Holder of a Claim or Interest in an Impaired Class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive on

9

account of such Claim or Interest if the Debtor was liquidated under chapter 7 of the Bankruptcy Code. The Disclosure Statement and the other evidence proffered or adduced at, or otherwise submitted in connection with, the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any pending objection to Confirmation of the Plan and (iii) establish that each Holder of an Impaired Claim or Interest, as the case may be, in such Impaired Classes has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

T.      Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not Impaired under the Plan.  Unimpaired Classes 1, 2 and 8 are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code.  Impaired Classes 3, 4 and 5 have voted to accept the Plan.  Because Holders of Claims or Interests in Impaired Classes 6, 7 and 9 neither received nor retained any property under the Plan, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, and the requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of section 1129(b) of the Bankruptcy Code.  The Plan satisfies section 1129(b) of the Bankruptcy Code with respect to Classes 6, 7 and 9.

U.      Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)).
The treatment of the DIP Facility Claim, Administrative Claims, Priority Tax Claims,

Miscellaneous Secured Claims and Priority Non-Tax Claims are set forth in Articles III.A.1, III.A.2, III.A.3, III.B.1 and III.B.2 of the Plan, thus satisfying the requirements of section 1129(a)(9) of the Bankruptcy Code.

      V.     Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).  As set forth in the Voting Certification, the Plan has been accepted by Impaired Classes 3, 4 and 5, determined without inclusion of any acceptance of the Plan by any insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

      W.     Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan proposed by the Debtor contemplates that the Debtor will be reorganized and will have sufficient cash flow to pay and service its debt obligations and to fund its operations through the Termination Date.  The Litigation Trust is required to make all payments to Holders of Allowed General Unsecured Claims under the Plan pursuant to the Litigation Trust Agreement and, upon the Effective Date, the Members will transfer Cash in the Litigation Trust Funding Amount to the Litigation Trust.  Additionally, on or before the Effective Date, the Debtor shall fund (i) the Administrative Claims Reserve, by transferring Cash in the amount of the Administrative and Priority Claims Estimate to a segregated account, and (ii) the Professional Fee Reserve, by transferring Cash in the Amount of the Professional Fee Estimate to Cole Schotz P.C., which shall hold such Cash in escrow for the benefit of Holders of Allowed Professional Fee Claims.  The Disclosure Statement, the O'Donoghue Declaration and the evidence proffered or adduced at, or otherwise submitted in connection with, the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any pending objection to Confirmation of the Plan and (iii) establish that Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor or any

successor to the Reorganized Debtor under the Plan, thereby satisfying the requirements of

section 1129(a)(11) of the Bankruptcy Code.

        X.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  Pursuant to Article XII.D of

the Plan, all fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid

on or as soon as practicable after the Effective Date by the Reorganized Debtor, thereby

satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

        Y.    <u>Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16))</u>.  Sections

1129(a)(13)-(16) are inapplicable as the Debtor (i) does not provide retiree benefits[3]

(1129(a)(13)), (ii) has no domestic support obligations (1129(a)(14)), (iii) is not an individual

(1129(a)(15)), and (iv) is a for-profit business (1129(a)(16)).

        Z.    <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>.

Holders of Claims and Interests in Classes 6, 7 and 9 will receive no Distributions under the Plan

and, accordingly, are deemed to have rejected the Plan pursuant to section 1126(g) of the

Bankruptcy Code.  The Debtor presented uncontroverted evidence that the Plan does not

discriminate unfairly and is fair and equitable with respect to the treatment of Claims and

Interests in Classes 6, 7 and 9 because, as required by sections 1129(b)(2)(B) and 1129(b)(2)(C)

of the Bankruptcy Code, there are no Holders of Claims or Interests junior to the Holders of

Claims and Interests in Classes 6, 7 and 9 that will receive or retain under the Plan any property

on account of such junior Claims or Interests.  Thus, the Plan satisfies section 1129(b) of the

Bankruptcy Code and may be confirmed notwithstanding its failure to satisfy section 1129(a)(8)

---

[3] As defined in section 1114 of the Bankruptcy Code, "retiree benefits" means payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical or hospital care benefits, or benefits in the event of sickness, accident, disability or death under any plan, fund or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under the Bankruptcy Code.

of the Bankruptcy Code.  The Plan shall be binding upon the members of Classes 6, 7 and 9 upon

Confirmation and the occurrence of the Effective Date.

AA.    Confirmation of Only One Plan (11 U.S.C. § 1129(c)).  The Plan is the

only plan that has been filed in the Chapter 11 Case which has been found to satisfy the

requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code.  Accordingly,

the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

BB.    Principal Purpose of the Plan (11 U.S.C. 1129(d)).  The principal purpose

of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the

Securities Act of 1933, and no party in interest, including but not limited to any Governmental

Unit, has requested that the Court deny Confirmation on such basis, thus satisfying the

requirements of section 1129(d) of the Bankruptcy Code.

CC.    Securities Exemption from Registration.  The offering, issuance and

distribution of any securities pursuant to the Plan, including without limitation issuance of the

Litigation Trust Interests, are subject to, or made in good faith reliance on, exemptions from

section 5 of the Securities Act of 1933 and any state or local laws requiring registration or

licensing for issuers, underwriters or brokers, under section 1145 of the Bankruptcy Code,

section 4(a)(2) of the Securities Act, or any other applicable exemption under the Securities Act.

DD.    Satisfaction of Confirmation Requirements.  Based on the foregoing, the

Plan satisfies all of the requirements for Confirmation set forth in section 1129 of the Bankruptcy

Code and should be confirmed.

EE.    Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based upon the record

before the Court in the Chapter 11 Case, the Debtor, the Claims Agent and each of their

respective members, officers, managers, agents, financial advisers, attorneys, employees, equity

holders, partners, affiliates and representatives have acted in "good faith" within the meaning of

section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with all their

respective activities relating to the Plan and their participation in the activities described in

section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125

of the Bankruptcy Code.

   FF. <u>Likelihood of Satisfaction of Conditions Precedent to Confirmation</u>.  All

conditions precedent to Confirmation set forth in Article VIII of the Plan have been satisfied,

will be satisfied by entry of this Confirmation Order or have been duly waived.

   GG. <u>Retention of Jurisdiction</u>.  The Court finds that it may properly retain

jurisdiction over the matters set forth in Article XI of the Plan and section 1142 of the

Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED THAT:**

**A. Confirmation of the Plan**

   1. <u>Approval of the Plan</u>.  The Plan, which consists of the Plan as filed on

June 21, 2019, as subsequently amended, supplemented or otherwise modified, including all

exhibits (including, but not limited to, those exhibits filed in the Plan Supplement), provisions,

terms and conditions thereto, is approved and confirmed as having satisfied all of the

requirements of chapter 11 of the Bankruptcy Code.  The terms of the Plan, as modified, are

incorporated herein by reference and are an integral part of this Confirmation Order.  A copy of

the Plan, as modified, is attached hereto as <u>Exhibit A</u>.

   2. <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and

conclusions of law of the Court set forth herein and at the Confirmation Hearing shall constitute

14

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Court at the Confirmation Hearing are incorporated herein by reference. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

    3.    <u>Objections</u>. Any formal or informal objection to Confirmation, to the extent not already withdrawn, waived or settled, and all reservations of rights included therein, shall be, and hereby are, overruled.

    **B.    Plan Classification and Treatment**

    4.    All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan. The Plan's classification scheme shall be, and hereby is, approved.

    5.    The classifications set forth in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for Distribution purposes; (c) may not be relied upon by any Creditor as representing the actual classification of such Claims under the Plan for Distribution purposes; and (d) shall not bind the Debtor, the Reorganized Debtor or the Litigation Trustee.

    6.    The treatment of Claims and Interests as provided in the Plan is approved.

    **C.    Effects of Confirmation**

    7.    <u>Enforceability of Plan</u>. Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan shall be, and hereby is, valid, binding and enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtor, the Reorganized Debtor and the Litigation Trust may modify,

58448/0001-17632482v6

amend or enter into, as necessary, all documents arising in connection with the Plan, without further order of the Court, in accordance with the provisions of the Plan.

8.    <u>Authorization to Implement the Plan</u>.  Upon the entry of this Confirmation Order, the Debtor, the Reorganized Debtor, the Litigation Trustee and the Disbursing Agent, as applicable, and their respective professionals, are authorized to take or cause to be taken all actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into or otherwise make effective all documents arising in connection therewith, prior to, on and after the Effective Date.  All such actions taken or caused to be taken shall be, and hereby are, authorized and approved by the Court such that no further approval, act or action need to be taken under any applicable law, order, rule or regulation, including, without limitation, (a) the incurrence of all obligations contemplated by the Plan and the making of Distributions and (b) the implementation of all settlements and compromises as set forth in or contemplated by the Plan.

9.    The Disbursing Agent is authorized to make payments required to be made under the Plan at any time after entry of this Confirmation Order, including (i) payments to Creditors on account of Allowed Miscellaneous Secured Claims, Allowed Administrative Claims, Allowed Priority Claims and Allowed General Unsecured Claims and (ii) payments of Cash to fund the Administrative Claims Reserve and the Professional Fee Reserve.

10.    <u>Discharge of the Debtor</u>.

(a)    Except as provided in the Plan or the Confirmation Order, effective as of the Effective Date, the rights afforded under the Plan and the treatment of Claims and Interests under the Plan shall be in exchange for, and in complete satisfaction, discharge and release of all Claims and termination of all Other Interests, regardless of whether any property shall have been

16

distributed or retained pursuant to the Plan on account of or in exchange for such Claims and
Other Interests.

(b)     Except as provided in the Plan or the Confirmation Order, Confirmation
shall, (a) discharge the Debtor from all Claims and other debts that arose before the Confirmation
Date and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy
Code, whether or not (i) a Proof of Claim based on such debt is filed or deemed filed pursuant to
section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to
section 502 of the Bankruptcy Code or (iii) the Holder of a Claim based on such debt has
accepted the Plan; and (b) terminate all Other Interests.  Accordingly, (i) any judgment at any
time obtained against the Debtor, the Reorganized Debtor or the Litigation Trust, to the extent
that such judgment relates to a discharged Claim or terminated Interest, shall be void; and (ii) all
Persons and Entities are permanently enjoined from the commencement or continuation of an
action, the employment of process, or any act to collect, recover or offset any discharged Claim
or terminated Interest from the Debtor, the Reorganized Debtor or the Litigation Trust.

(c)     Except as provided in the Plan or the Confirmation Order, as of the
Confirmation Date, all Persons and Entities shall be precluded from asserting against the Debtor,
the Reorganized Debtor, the Litigation Trust, the Litigation Trustee, their successors or their
property, any other or further claims, debts, rights, causes of action, liabilities or equity interests
based upon any act, omission, transaction or other activity of any nature that occurred prior to the
Confirmation Date.

11.     <u>Binding Effect</u>.  Notwithstanding the stay contemplated by Bankruptcy
Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code,
immediately after entry of this Confirmation Order, the Plan shall be binding upon and inure to

17

the benefit of the Debtor, all present and former Holders of Claims and Interests, whether or not

such Holders shall receive or retain any property or interest in property under the Plan, any non-

Debtor party to an Executory Contract or Unexpired Lease, any Person or Entity making an

appearance in the Chapter 11 Case and any other party in interest in the Chapter 11 Case, and

their respective successors and assigns, including, but not limited to, the Reorganized Debtor, the

Litigation Trust and all other parties in interest in the Chapter 11 Case; provided, however, that

any Person or Entity that timely submitted a Ballot and opted in such Ballot not to grant the third

party releases in Article X.D. of the Plan shall not be bound by such releases.  Except as

otherwise may be provided in this Order, each Plan term and provision, as it may be interpreted

in accordance with the Plan, is valid and enforceable in accordance with its terms.  Accordingly,

as permitted by Bankruptcy Rule 3020(e), the fourteen (14) day period provided by such rule is

hereby waived in its entirety.

12.    Discharges, Releases, Injunctions, Limitations of Liability and
Exculpation.  All discharges, releases, injunctions, limitations of liability and exculpation

provisions in the Plan, including, without limitation, those in Article X of the Plan, are fair and

equitable and given for valuable consideration and are in the best interests of the Debtor and all

parties in interest, and such provisions shall be effective and binding on all persons and entities,

to the extent provided therein, and are incorporated in this Confirmation Order as if set forth in

full herein and are hereby approved in their entirety.

13.    No Successor Liability.  Pursuant to section 1141 of the Bankruptcy Code

and Article V of the Plan, the property of the Debtor's estate that vests in the Reorganized

Debtor shall vest free and clear of all Claims and Interests, except as specifically provided in the

Plan or the Confirmation Order and in connection with the DIP Facility and Exit Facility for

18

which all liens and security interests granted to CH 105 will remain in full force and effect.

Moreover, pursuant to section 1141(d) of the Bankruptcy Code, the effect of confirmation of the

Plan shall be to discharge the Debtor from any debt that arose before the date of confirmation,

and any debt of a kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

14.    Settlements.  The settlements contemplated under the Plan (the "Plan

Settlements"), and the respective terms thereof as set forth in the Plan, are hereby approved

pursuant to Bankruptcy Rule 9019 as fair, prudent and reasonable compromises of the

controversies and Claims resolved by the Plan Settlements, are binding upon all Persons and

Entities affected thereby, and shall be effectuated in accordance with the terms thereof.

15.    Executory Contracts and Unexpired Leases.  Except as otherwise provided

in the Plan, or in any contract, instrument, release or other agreement or document entered into in

connection with the Plan, each of the Executory Contracts and Unexpired Leases to which the

Debtor is a party shall be deemed automatically rejected by the Debtor as of the Effective Date,

unless such contract or lease (i) previously has been assumed or rejected by the Debtor,

(ii) expired or terminated pursuant to its own terms, (iii) was the subject of a motion to assume or

reject pending before the Court as of the Confirmation Date, (iv) is identified on the Assumption

Schedule or in Article VII.A of the Plan as a contract to be assumed or (v) is a Primus

Agreement.  This Order shall constitute an order of the Court approving (i) the rejections

described in Article VII.B of the Plan and (ii) the assumptions of the contract(s) listed on the

Assumption Schedule and in Article VII.A of the Plan, in both cases pursuant to section 365 of

the Bankruptcy Code, as of the Effective Date.

16.    The proposed Cure Amount for an Executory Contract or Unexpired Lease

that is assumed pursuant to the Plan shall be zero dollars unless otherwise indicated in the

Assumption Schedule.  Cure obligations, if any, shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Amount in Cash within thirty (30) days after the Effective Date or on such other terms as the parties to such Executory Contract or Unexpired Lease may otherwise agree.  In the event of a dispute regarding (a) the amount of any Cure Amount, (b) the ability of the Reorganized Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed or (c) any other matter pertaining to assumption, any Cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made thirty (30) days following entry of a Final Order resolving the dispute and approving the assumption; provided, however, that following the resolution of any such dispute, the Debtor or Reorganized Debtor, as applicable, shall have the right to reject such Executory Contract or Unexpired Lease.

17.    If the rejection of an Executory Contract or Unexpired Lease pursuant to Article VII.B of the Plan gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Reorganized Debtor, the Litigation Trust or their respective successors or properties unless a Proof of Claim is Filed with the Claims Agent and served on counsel for the Litigation Trust and counsel for the Reorganized Debtor within thirty (30) days after service of notice of entry of the Confirmation Order.  For the avoidance of doubt, Claims arising from the rejection of an Executory Contract or Unexpired Lease are forever barred and shall not be enforceable against the Reorganized Debtor, and shall be payable solely from the Litigation Trust.

**D.    Implementation of the Plan**

18.    <u>Continued Corporate Existence</u>.  The Debtor shall continue to exist after the Effective Date as the Reorganized Debtor in accordance with Delaware law and pursuant to

20

its organizational documents in effect prior to the Effective Date, except to the extent such organizational documents are amended on the Effective Date.

19.    Cancellation of Existing Securities and Agreements.  Except as otherwise provided in the Plan, and in any contract, instrument or other agreement or document created in connection with the Plan, on the Effective Date, any and all Other Interests, including Restricted Stock Units, promissory notes, share certificates, whether for preferred or common stock (including treasury stock), other instruments evidencing any Claims or Interests, other than a Claim that is being reinstated and rendered Unimpaired, and all options, warrants, calls, rights, puts, awards, commitments or any other agreements of any character to acquire such Interests shall be deemed automatically canceled, retired, released and/or extinguished and of no further force and effect, without any further act or action under any applicable agreement, law, regulation, order or rule, and the obligations of the Debtor under the notes, share certificates and other agreements and instruments governing such Claims and Interests shall be discharged.  The holders of or parties to such canceled notes, share certificates and other agreements and instruments shall have no Claims or other rights arising from or relating to such notes, share certificates and other agreements and instruments or the cancellation thereof, except the rights provided pursuant to the Plan.

20.    Exit Facility.  The Debtor and the Reorganized Debtor, as applicable, are hereby authorized to enter into, and take such actions as necessary or desirable to perform under, the Exit Facility and all other documents or agreements related thereto (collectively, the "Exit Facility Documents"), and all transactions contemplated thereby.  The Exit Facility shall be effective as of the Effective Date and, as of such date, shall be deemed to be valid, binding and enforceable in accordance with its terms.  On the Effective Date, the Term Credit Facility Lender

shall have valid, binding, perfected and enforceable Liens on, and security interests in, all collateral specified in the Exit Facility Documents, with the priorities set forth in such documents, intercreditor agreements (if any) and other documents related thereto, and subject only to such Liens and security interests as may be expressly permitted under the Exit Facility Documents, the Reorganized Debtor and the Term Credit Facility Lender are each hereby authorized to make any and all filings and recordings necessary or desirable in connection with such Liens and security interests. The obligations, guarantees, mortgages, pledges, Liens and security interests granted pursuant to or in connection with the Exit Facility are granted in good faith, for good and valuable consideration and for a legitimate business purpose as an inducement to the Term Credit Facility Lender to extend credit thereunder and shall be, and hereby are, deemed not to constitute a fraudulent conveyance or fraudulent transfer under the Bankruptcy Code or any applicable non-bankruptcy law and shall not otherwise be subject to avoidance, equitable subordination or recharacterization and shall constitute legal, valid, binding and authorized obligations of the Reorganized Debtor, enforceable in accordance with their terms.

21.    <u>Preservation of Causes of Action</u>.  In accordance with section 1123(b)(3) of the Bankruptcy Code, and except as otherwise provided in the Plan, the Causes of Action and the Member Actions will be preserved and retained, and upon the Effective Date shall be vested in and continue after the Effective Date as Litigation Trust Assets, free and clear of all Claims, Interests, liens and encumbrances. The Litigation Trust, as a representative of the Debtor's Estate, as an assignee and/or representative of the Members with respect to the Member Actions and pursuant to the Plan and Litigation Trust Agreement, shall retain and may (but is not required to) enforce all rights to commence and pursue, as appropriate, the Causes of Action and

22

the Member Actions, and the Litigation Trust's rights to commence, prosecute or settle such Causes of Action and Member Actions shall be preserved notwithstanding the occurrence of the Effective Date. The Litigation Trust is authorized to (but is not required to) pursue such Causes of Action and Member Actions, as appropriate, in accordance with the best interests of the Litigation Trust beneficiaries.

22.    The Litigation Trust, in its sole and absolute discretion, shall determine whether to bring, settle, release, compromise or enforce the Causes of Action and Member Actions, and shall not be required to seek further approval of the Court for such action.

23.    No Further Action. Each of the matters provided for under the Plan involving the corporate structure of the Debtor or corporate action to be taken by or required of the Debtor shall, as of the Effective Date, be deemed to have occurred and be effective as provided in the Plan, and shall be authorized and approved in all respects without any requirement of further action by any Person or Entity, including but not limited to, Holders of Claims or Interests against or in the Debtor, or managers or officers of the Debtor.

24.    United States Trustee Fees. All fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid on or as soon as practicable after the Effective Date by the Reorganized Debtor. After the Effective Date, quarterly fees shall continue to accrue and be timely paid until the Debtor's case is closed, dismissed or converted, pursuant to Article XII.D of the Plan.

25.    Section 1146(a) Waiver. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment, and all

23

state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation instruments or other documents without the payment of any such tax or governmental assessment.

26.     Applicability of Section 1145 of the Bankruptcy Code.  Under section 1145 of the Bankruptcy Code, the issuance of the Litigation Trust Interests shall be exempt from registration under the Securities Act of 1933, as amended, and all applicable state and local laws requiring registration of securities.

27.     Authorization in Furtherance of Plan.  Each federal, state, commonwealth, local, foreign or other governmental agency is hereby authorized to accept any and all documents, filings and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

E.     **Litigation Trust**

28.     Approval of Litigation Trust Agreement.  The form of the Litigation Trust Agreement attached as Exhibit D to the Plan is hereby approved, and the Debtor is authorized to execute and to take any action necessary or appropriate to implement, effectuate or consummate the Litigation Trust Agreement.  The Litigation Trust Funding Amount and the ConnectiveRx Settlement Amount shall be conveyed directly to the Litigation Trust on or as soon as reasonably practicable after the Effective Date and shall vest in the Litigation Trust free and clear of any and all liens, claims and encumbrances.  The appointment of Gary Polkowitz as Litigation Trustee is hereby approved.  All fees and costs of the Litigation Trustee and professionals retained by the Litigation Trust shall be paid in accordance with the Plan and Litigation Trust Agreement.

29.     Litigation Trust Committee.  The appointment of (i) AmerisourceBergen Drug Corporation, (ii) Mirada Pharmaceuticals, LLC and (iii) Biopharma Operations LLC to the Litigation Trust Committee is hereby approved.  Each of the members of the Litigation Trust

24

Committee shall have all rights, powers, duties and protections afforded the Litigation Trust

Committee and its members under the Plan and Litigation Trust Agreement.

      **F.**      **Miscellaneous Provisions**

          30.     <u>Treatment of Chubb Insurance Contracts</u>.  To the extent that Federal

Insurance Company or Chubb Indemnity Insurance Company and/or each of their affiliates and

successors (collectively, the "<u>Chubb Companies</u>") believe a Claim against the Debtor has

become liquidated and due and owing (regardless of whether such Claims arise before or after

the Effective Date) under the insurance policies that were issued at any time by the Chubb

Companies to the Debtor (each as amended, modified, supplemented, or extended and together

with any agreements, instruments, exhibits or addenda thereto, collectively, the "<u>Chubb</u>

<u>Insurance Contracts</u>"), the Reorganized Debtor, the Litigation Trust and the Chubb Companies

each reserve their rights with respect to whether such Claim shall be Allowed, treated as an

Administrative Claim or treated as a General Unsecured Claim and should the Reorganized

Debtor, the Litigation Trust and the Chubb Companies not agree upon such treatment, the

dispute shall be submitted to the Bankruptcy Court for determination thereon; <u>provided</u>,

<u>however</u>, that the Reorganized Debtor or the Litigation Trust, as applicable, shall provide the

Chubb Companies' counsel of record in the Chapter 11 Case with at least thirty (30) days'

written notice (by electronic mail at the following addresses: WMSimkulak@duanemorris.com

and CHeitzenrater@duanemorris.com) of (1) a proposed distribution date of Litigation Trust

Assets or (2) the closing of the Chapter 11 Case, and the Chubb Companies shall advise counsel

to the Reorganized Debtor and the Litigation Trust, within fifteen (15) days after the date of any

such notice of any amounts that are or are estimated to become due and owing in the future

pursuant to the Chubb Insurance Contracts; <u>provided further</u>, <u>however</u>, that the Reorganized

Debtor and the Litigation Trust are not required to establish any reserve as of the Effective Date

on account of any claims that may be asserted by the Chubb Companies pursuant to the Chubb Insurance Contracts.

31.    The automatic stay of section 362(a) of the Bankruptcy Code and the injunctions set forth in Article X of the Plan, if and to the extent applicable, shall be deemed lifted without further order of this Court, solely to permit: (I) claimants under the Chubb Insurance Contracts with valid workers' compensation claims or direct action claims against the Chubb Companies under applicable non-bankruptcy law to proceed with their workers' compensation claims and claims against the Chubb Companies, including in cases where the Reorganized Debtor is a named party to the action; and (II) the Chubb Companies to administer, handle, defend, settle and/or pay, in the  ordinary course of business and without further order of this Bankruptcy Court, (A) workers' compensation claims asserted pursuant to the Chubb Insurance Contracts, (B) direct claims against the Chubb Companies under applicable non-bankruptcy law, (C) claims where an order has been entered by this Court granting a claimant relief from the automatic stay to proceed with its claim, and (D) all costs in relation to each of the foregoing.

32.    <u>Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002</u>.  After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all Creditors and other parties in interest (except those listed in the following sentence) must file a renewed notice of appearance requesting receipt of documents pursuant to Bankruptcy Rule 2002.  After the Effective Date, parties in interest are authorized to limit the list of parties in interest receiving notice of documents pursuant to Bankruptcy Rule 2002 to the Office of the United States Trustee, the Reorganized Debtor, the Litigation Trustee, the Prepetition Secured Lender and those Creditors who have filed such renewed requests; <u>provided</u>, <u>however</u>, that

parties in interest also shall serve those parties directly affected by, or having a direct interest in, the particular filing in accordance with Local Rule 2002-1(b). Notice given in accordance with the foregoing procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

33. <u>Authorization to Consummate</u>. The Debtor is authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to the Effective Date set forth in Article VIII.B of the Plan.

34. <u>Notice of Entry of the Confirmation Order and the Occurrence of the Effective Date</u>. The Debtor shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date (the "<u>Notice of Effective Date</u>"), substantially in the form attached hereto as <u>Exhibit B</u>, which form is hereby approved, on all Creditors and parties in interest in the Chapter 11 Case within five (5) business days after the occurrence of the Effective Date. Notwithstanding the foregoing, no service of the Notice of Effective Date shall be required to be made upon any Person or Entity to whom the Debtor mailed a (a) notice of the meeting of Creditors under section 341 of the Bankruptcy Code, (b) notice of the bar date for filing Proofs of Claim or (c) a solicitation package or other solicitation-related notice and received any such notice or materials returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such Person or Entity of that Person's or Entity's new address. Service of the Notice of Effective Date described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

27

35.    <u>Modification of Plan</u>.  After the Confirmation Date and prior to substantial

Consummation of the Plan as defined in section 1101(2) of the Bankruptcy Code, the Debtor

may, under section 1127(b) of the Bankruptcy Code, institute proceedings in the Court to remedy

any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or

the Confirmation Order, and such matters as may be necessary to carry out the purpose and

effect of the Plan so long as such proceedings do not adversely affect the treatment of Holders of

Claims under the Plan; <u>provided</u>, <u>however</u>, that prior notice of such proceedings shall be served

in accordance with the Bankruptcy Rules or order of the Court.  A Holder of a Claim that has

accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified or

clarified, if the proposed alteration, amendment, modification or clarification does not materially

and adversely change the treatment of the Claim of such Holder.

36.    <u>Retention of Jurisdiction</u>.  Notwithstanding the occurrence of the Effective

Date, the Court shall retain jurisdiction over all matters arising out of, and related to, the

Chapter 11 Case and the Plan to the fullest extent permitted by law, including, among other

things, jurisdiction over the matters set forth in Article XI of the Plan, which provisions are

incorporated herein by reference.

37.    <u>Construction; Interpretation</u>.  The failure to specifically describe or

include any particular provision of the Plan or any related document in this Confirmation Order

shall not diminish or impair the effectiveness of such provision, it being the intent of this Court

that the Plan (including any exhibits thereto and the Plan Supplement) be approved and

confirmed in its entirety.  Except as expressly provided by this Confirmation Order, each

provision of the Plan is valid and enforceable in accordance with its terms and is nonseverable

and mutually dependent.  In the event of any conflict between the Plan, on the one hand, and any

other agreement, instrument or document intended to implement the provisions of the Plan, on

the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such

agreement, instrument or document). In the event of any conflict between this Confirmation

Order and the Plan or any other agreement, instrument or document intended to implement the

provisions of the Plan, the terms of this Confirmation Order shall govern.

      38.    <u>Final Order</u>. Notwithstanding Bankruptcy Rules 3020(e), 6004(h),

6006(d) and 7062, or any other applicable Bankruptcy Rule, the Court finds that there is no

reason for delay in the implementation of this Confirmation Order and, thus, this Confirmation

Order shall be effective and enforceable immediately upon entry.

Dated: August 29, 2019
       Wilmington, Delaware

                        The Honorable Brendan L. Shannon
                        United States Bankruptcy Judge

58448/0001-17632482v6